UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA WILLIAMS,

    Plaintiff,                              Case No. 3:22-cv-6

vs.

FAMILY DOLLAR STORES          District Judge Michael J. Newman
OF OHIO, INC.

    Defendant.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 20); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This civil personal injury case is before the Court on Defendant Family Dollar Stores of Ohio, Inc.'s ("Family Dollar") motion for summary judgment. Doc. No. 20. Plaintiff Cynthia Williams ("Williams") responded (Doc. No. 25), and Family Dollar replied (Doc. No. 26). Accordingly, this motion is ripe for review. Because Williams cannot identify the reason for her fall, the Court grants Family Dollar's motion.

**I.**

On December 21, 2019, Williams traveled to a Family Dollar store located in Dayton, Ohio to buy curtain rods. Doc. No. 16-1 at PageID 85. She put four rods on the counter of the cash register and then walked back to the store aisles to take one more rod. *Id.* at PageID 86. While in the aisle, she "turned to go back the other way, [] lost [her] footing, slipped and fell backwards and [her] ankle went to the right." *Id.* Initially after she fell, Williams testified in her deposition, no one came to assist her. *Id.* at PageID 89. She stayed on the floor for fifteen minutes asking for help. *Id.* Eventually, a staff person came to help and called for an ambulance. *Id.* Before the ambulance arrived, she called her son, Michael, who came to the store. *Id.* at PageID 87, 89–90.

Michael took photos and videos of the scene. *Id.* at PageID 87–88.

Williams traveled by ambulance to the Miami Valley Hospital's Emergency Department, where she was diagnosed with a broken ankle. *Id.* at PageID 90. She underwent surgery the following morning. *Id.* While now recovered, Williams contends that she still feels pain in her ankle. *Id.*

Williams asserts that Family Dollar was negligent in its business operations and she, a business invitee, slipped, fell, and suffered injuries because of its negligence. Doc. No. 4 at PageID 46–47. Williams alleges that on the floor, where she fell, there was a clear substance. Doc. No. 16-1 at PageID 87. At her deposition, she first stated that the substance was liquid before stating that it was "not liquid but it [was a] substance on the floor." *Id.* She was then presented with one of the photos Michael took at the time of the incident. *Id.* at PageID 87–88, 130; *see* Doc. No. 20 at PageID 144. She then circled parts of the photograph that were covered in a substance. Doc. No. 16-1 at PageID 87, 130; Doc. No. 20 at PageID 144. When asked whether the substances circled were the objects she slipped on, she answered, "I'm not sure." Doc. No. 16-1 at PageID 87. Williams agreed the photos did not reveal any liquid on the floor where she slipped and fell. *Id.* at PageID 88. When presented with a screenshot of the video Michael took and asked whether she saw any substance, Williams responded, "I can't tell." *Id.* at PageID 87–88. When asked whether she saw any liquids, Williams responded, "I can't tell." *Id.* at PageID 88. Williams then said, "I didn't trip over anything." *Id.* When the video played during the deposition and Williams was asked whether she saw any liquid substance on the floor, she responded, "It's real blurry, but no." *Id.* at PageID 97. When asked whether there was a liquid, she answered, "I'm not sure." *Id.* Williams then characterized the substance she tripped on as gritty and slippery. *Id.* at PageID 98. Williams agreed that the store was well-lit and, when she fell, her vision was not obstructed, she was looking straight ahead, and was not eating, drinking, or using her phone. *Id.* at PageID 86.

**II.**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "[t]he non-moving party . . . may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial."  *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

**III.**

Upon review, Williams fails to demonstrate a triable issue on whether Family Dollar's negligence caused her slip-and-fall and resulting injuries.  Under Ohio law, a negligence claim requires a plaintiff to prove "(1) the defendant owed [her] a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury."  *May v. Kroger Co.*, 97 N.E.3d 952, 955 (Ohio Ct. App. 2017) (citing *Menifee v.

3

*Ohio Welding Prod., Inc.*, 472 N.E.2d 707, 710 (Ohio 1984)).

Ohio's negligence law applies in this case because the Court has diversity jurisdiction. *See U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 422 (6th Cir. 2008); *Newberry v. Silverman*, 789 F.3d 636, 643 (6th Cir. 2015). Family Dollar concedes it owed Williams a duty as a business invitee. Doc. No. 20 at PageID 145. "Store owners owe business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *May*, 97 N.E.3d at 955 (quoting *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474, 475 (Ohio 1985) (per curiam)). However, "[o]wners or lessees of stores are not insurers against all forms of accidents that may happen." *Paschal*, 480 N.E.2d at 475 (cleaned up) (quoting *S. S. Kresge Co. v. Fader*, 158 N.E. 174, 175 (Ohio 1927)). "[T]he customer must produce evidence indicating that some negligent act or omission of the merchant *caused* the customer to slip and fall." *Evans v. Armstrong Grp.*, No. 99AP-17, 1999 WL 739546, at *2 (Ohio Ct. App. Sept. 23, 1999) (emphasis added) (citing *J. C. Penny Co. v. Robison*, 193 N.E. 401, 400 (Ohio 1934) (syllabus)).

> [F]or a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
> "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."

*Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995) (citing *Johnson v. Wagner Provision Co.*, 49 N.E.2d 925, 928 (Ohio 1943)).

"Proximate causation . . . cannot be established through 'mere speculation.'" *Arnett v. Mong*, 65 N.E.3d 72, 78 (Ohio Ct. App. 2016) (citations omitted). "To establish negligence in a

4

slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence . . . is precluded." *Stamper v. Middletown Hosp. Ass'n*, 582 N.E.2d 1040, 1042 (Ohio Ct. App. 1989) (citations omitted); *see also Cleveland Athletic Ass'n Co. v. Bending*, 194 N.E. 6, 7 (Ohio 1934) ("Plaintiff did not know upon what her left foot caught . . . and, upon consideration of all the evidence, reasonable minds can come to no other conclusion than that there was no negligent act or omission on the part of the defendants"); *Mann v. Northgate Invs. L.L.C.*, 973 N.E.2d 772, 778 (Ohio Ct. App. 2012) ("[A] plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall" (alteration in original) (quoting *Beck v. Camden Place at Tuttle Crossing*, No. 02AP-1370, 2004 WL 1277044, at *2 (Ohio Ct. App. June 10, 2004))).

Williams's claim fails because she cannot identify an act or omission by Family Dollar that breached its duty to her, as a business invitee, and caused her to fall and sustain injuries. Nothing in the record suggests that Family Dollar created a hazardous condition, that Family Dollar had knowledge of the hazardous condition, or that a hazard was present for any length of time. *See id.* Williams alleges only that she fell because of something "gritty" and "slippery." Doc. No. 16-1 at PageID 98. Her claim relies on speculation that because she fell, there was a hazardous condition, and Family Dollar was somehow responsible. "An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn." *Meyer v. Dayton*, 74 N.E.3d 921, 930 (Ohio Ct. App. 2016) (quoting *Gibbs v. Speedway, LLC*, 15 N.E.3d 444, 451 (Ohio Ct. App. 2014)); *see also Boles v. Montgomery Ward & Co.*, 92 N.E.2d 9, 13 (Ohio 1950) ("It is incumbent on the plaintiff to show how and why an injury occurred—to develop facts from which it can be determined by the jury that the defendant failed to exercise due care and that such failure was a

5

proximate cause of the injury"). Because Williams relies on conjecture to justify her claim against Family Dollar, "a finding of negligence . . . is precluded." *Stamper*, 582 N.E.2d at 1042 (citations omitted). Thus, the Court finds that Family Dollar's motion is well-taken.[1]

### IV.

For the aforementioned reasons, the Court **GRANTS** Family Dollar's motion for summary judgment and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

  August 30, 2023                                   s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge

---

[1] Family Dollar also argues that the "physical facts" rule lends support for its motion. For this rule to apply, the Court must find that a plaintiff's testimony is clearly false such that it is "(1) inherent in the rejected testimony, so that it contradicts itself or (2) irreconcilable with facts of which, under recognized rules, the court takes judicial knowledge or (3) is obviously inconsistent with, contradicted by, undisputed physical facts." *McDonald v. Ford Motor Co.*, 326 N.E.2d 252, 255 (Ohio 1975) (quoting *Duling v. Burnett*, 124 S.W.2d 294, 300 (Tenn. Ct. App. 1938)). The physical facts rule applies in rare situations. *See Gordon v. Dollar Gen. Corp.*, No. 2:18-cv-939, 2020 WL 4784659, at *6 (S.D. Ohio Aug. 18, 2020) ("[T]he physical facts rule should not be applied lightly and application is still subject to finding the facts most favorable to the nonmoving party"); *cf. Harris v. Gen. Motors Corp.*, 201 F.3d 800, 804 (6th Cir. 2000) ("In this case, we cannot conclude that defendant's experts' affidavits, as we have discussed them above, are sufficiently unassailable to take the issue of credibility from the jury"). Because Family Dollar's motion for summary judgment may be granted on other grounds, the Court need not reach this issue.